**CHAPTER 13 PLAN**
**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN    DISTRICT OF MISSISSIPPI**

Debtor: Helen E. Kantor        SSN: XXX-XX-7763        CASE NO. _____
Joint Debtor: N/A              SSN: XXX-XX-_____  Median Income: ☐ Above ☑ Below
Address: 13 Bryant Ct.
         Ocean Springs, MS 39564

**THIS PLAN DOES NOT ALLOW CLAIMS. Creditors must file a proof of claim to be paid under any plan that may be confirmed. The treatment of ALL secured and priority debts must be provided for in this plan.**

**PAYMENT AND LENGTH OF PLAN**
The plan period shall be for a period of ___36___ months, not to be less than 36 months for below median income debtor(s), or less than 60 months for above median income debtor(s).

(A)  Debtor shall pay $___426.00___ (☑ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the Court, an Order directing payment shall be issued to Debtor's employer at the following address:
        Direct Pay

(B)  Joint Debtor shall pay $_____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the Court, an Order directing payment shall be issued to Debtor's employer at the following address:

**PRIORITY CREDITORS.**
Filed claims which are not disallowed are to be paid in full or as ordered by the Court as follows:
Internal Revenue Service:        $_____ at $_____/month
Mississippi Dept. of Revenue:    $_____ at $_____/month
Other/_____:                $_____ at $_____/month

**DOMESTIC SUPPORT OBLIGATION.** DUE TO:    N/A

POST PETITION OBLIGATION: In the amount of $_____ per month beginning _____.
To be paid ☐ direct, ☐ through payroll deduction, or ☐ through the plan.

PRE-PETITION ARREARAGE: In the total amount of $_____ through _____ which shall be paid in the amount of $_____ per month beginning _____.
To be paid ☐ Direct, ☐ through payroll deduction, or ☐ through the plan.

**HOME MORTGAGES.** All claims secured by real property which are to be paid through the plan shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed herein, subject to the start date for the continuing monthly mortgage payment proposed herein.

Mtg pmts to N/A          Beginning _____ @ $_____  ☐Plan ☐Direct
Mtg pmts to _____   Beginning _____ @ $_____  ☐Plan ☐Direct
Mtg pmts to _____   Beginning _____ @ $_____  ☐Plan ☐Direct

Mtg arrears to N/A        Through _____ $_____ @ $_____/mo
Mtg arrears to _____ Through _____ $_____ @ $_____/mo
Mtg arrears to _____ Through _____ $_____ @ $_____/mo

Debtor's Initials _X_K_    Joint Debtor's Initials _____    Chapter 13 Plan, Page 1 of 3

**MORTGAGE CLAIMS TO BE PAID IN FULL OVER PLAN TERM:**

Creditor: N/A _____ Approx. amt. due: _____ Int. Rate: _____
Property Address: _____ Are related taxes and/or insurance escrowed ☐Yes ☐No

Creditor: _____ Approx. amt. due: _____ Int. Rate: _____
Property Address: _____ Are related taxes and/or insurance escrowed ☐Yes ☐No

**NON-MORTGAGE SECURED CLAIMS.** Creditors that have filed claims that are not disallowed are to retain lien(s) pursuant to 11 U.S.C. § 1325(a)(5)(B)(i)(I) until the payment of the debt determined as under non-bankruptcy law or discharge. Such creditors shall be paid as secured claimants the sum set out below or pursuant to other order of the Court. The portion of the claim not paid as secured shall be treated as a general unsecured claim.

| CREDITOR'S NAME | COLLATERAL | 910* CLM | APPROX. AMT. OWED | VALUE | INT. RATE | PAY VALUE OR AMT. OWED |
|---|---|---|---|---|---|---|
| N/A | | | | | | |

* The column for "910 CLM" applies to both motor vehicles and "any other thing of value" as used in the "hanging paragraph" of 11 U.S.C. § 1325

**SPECIAL CLAIMANTS** including, but not limited to, co-signed debts, abandonment of collateral, direct payments by Debtor, etc. For all abandoned collateral Debtor will pay $0.00 on the secured portion of the debt. Where the proposal is for payment, creditor must file a proof of claim to receive proposed payment.

| CREDITOR'S NAME | COLLATERAL | APPROX. AMT. OWED | PROPOSED TREATMENT |
|---|---|---|---|
| N/A | | | |

**STUDENT LOANS** which are not subject to discharge pursuant to 11 U.S.C. §§ 523(a)(8) and 1328(c) are as follows (such debts shall not be included in the general unsecured total):

| CREDITOR'S NAME | APPROX. AMT. OWED | CONTRACTUAL MO. PMT. | PROPOSED TREATMENT |
|---|---|---|---|
| N/A | | | |

**SPECIAL PROVISIONS** which may apply to any or all payments to be paid through the plan, including, but not limited to, adequate protection payments:
N/A _____

**GENERAL UNSECURED CLAIMS** total approximately $___41,650.00___. Such claims must be *timely filed* and not disallowed to receive payment as follows: _____ IN FULL (100%), __28__ %(percent) MINIMUM, or a total distribution of $_____, with the Trustee to determine the percentage distribution. *Those general unsecured claims not timely filed shall be paid nothing, absent order of the Court.*

Debtor's Initials X/K        Joint Debtor's Initials _____        Chapter 13 Plan, Page 2 of 3

Total attorney fee charged:    $_____3,200.00_____
Attorney fee previously paid:  $_____990.00_____
Attorney fee to be paid in plan: $____2,210.00_____

The payment of administrative costs and aforementioned attorney fees are to be paid pursuant to Court order and/or local rules.

| Automobile Insurance Co/Agent | Attorney for Debtor (Name/Address/Phone/Email) |
|---|---|
| Geico | David L. Lord |
| One Geico Center | 1819 24th Ave. |
| Macon, GA 31295 | Gulfport, MS 39501 |
| Telephone/Fax: 800-841-3000 | Telephone No. 228-868-5667 |
| | Facsimile No. 228-868-2554 |
| | Email address lordlawfirm@bellsouth.net |

DATED: 1/12/2015         DEBTOR'S SIGNATURE        X /s/ Helen E. Kantor

JOINT DEBTOR'S SIGNATURE    N/A

ATTORNEY'S SIGNATURE    /s/ David L. Lord

Chapter 13 Plan, Page 3 of 3

Effective: October 1, 2011